Penny BROCK, Plaintiff—Appellant,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,
Defendant—Appellee.

No. 05–16965.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2007 *.

Filed Nov. 5, 2007.

Matthew L. Sharp, Esq., Bradley Dren-
dle & Jeanney, Ltd., Robert H. Perry,
Esq., Reno, NV, for Plaintiff–Appellant.

Von S. Heinz, Esq., Lewis & Roca, LLP,
Las Vegas, NV, for Defendant–Appellee.

Before: ROTH **, THOMAS and
CALLAHAN, Circuit Judges.

MEMORANDUM ***

Penny Brock appeals the denial of her
motion for summary judgment and the
grant of summary judgment in favor of
Life Insurance Company of North America
(LINA). At issue in this case is a cancer
insurance policy purchased by her late
husband, William Brock. The insurance
policy provided the insured with an option
to purchase a survivor benefit that would
pay his surviving spouse $1000 in the event
that he died from a covered cancer. Wil-
liam Brock chose not to exercise this op-
tion. Brock now seeks $500,000 in surviv-
or benefits based on the death of her
husband from a covered cancer. For the

---

* The panel unanimously finds this case suitable
  for decision without oral argument. See Fed.
  R.App. P. 34(a)(2).

** The Honorable Jane R. Roth, Senior United
   States Circuit Judge for the Third Circuit,
   sitting by designation.

*** This disposition is not appropriate for publi-
    cation and is not precedent except as provid-
    ed by 9th Cir. R. 36–3.

reasons given below, we affirm the decision of the district court.

## Procedural History

Brock filed suit against LINA for wrongful denial of benefits. Brock moved for summary judgment on December 28, 2004. LINA cross-moved for summary judgment on March 11, 2005. The district court entered final judgment in favor of LINA on August 10, 2005. Following the entry of final judgment, Brock filed a notice of appeal on September 1, 2005. The notice was timely pursuant to Fed. R.App. P. 4(a). The district court had jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## Discussion

Grants of summary judgment are reviewed *de novo*. *Nat'l Wildlife Fed'n v. United States Army Corps of Eng'rs*, 384 F.3d 1163, 1170 (9th Cir.2004). On appeal, this Court must determine whether, viewing the evidence in the light most favorable to Brock, there are any genuine issues of material fact and whether the District Court correctly applied the relevant substantive law. *United States ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1144 (9th Cir. 2004).

Brock argues on appeal (1) that the district court erred in applying District of Columbia law in interpreting the insurance policy; (2) that the certificate summarizing Mr. Brock's insurance coverage is the controlling document, not the policy; and (3) that the certificate provides $500,000 in survivor/death benefits. We need not reach the first two questions, as we find that the certificate simply does not provide the coverage Brock seeks. Even if we were to adopt the view that LINA is estopped from denying any coverage provided by the certificate, Brock cannot prevail.

The certificate lists the schedule of benefits to which Brock is entitled on its second page. Survivor benefits are not on this list. It then describes the benefits available under the policy in a separate "Description of Benefits" section. In addition to the survivor benefits, it lists five other benefits that do not appear on the schedule of benefits (the Nurse at Home Benefit, Hospice Care Benefit, First Diagnosis Benefit, Outpatient Cancer Screening Benefit, and Skilled Nursing Facility Confinement Benefit). The only reasonable reading of the schedule of benefits is that it describes only coverage that William Brock had actually purchased.

Additional support for this reading is provided by the description of the survivor benefits, which states that "the Insurance Company will pay the amount shown in the Schedule of Benefits" to the surviving spouse. There is no amount shown on the schedule of benefits for survivor benefits. It is not reasonable to do as Brock suggests and simply fill in the largest number that appears on the schedule of benefits as the amount of the survivor benefit.[1]

The certificate can not reasonably be read to establish that William Brock was covered for survivor benefits.[2] Accordingly, we **AFFIRM** the judgment of the district court.

---

1. Brock also argues that a $500,000 survivor benefit must be implied in order to "give meaning" to the $500,000 cap on total benefits. The cap on benefits is quite high relative to the amount available under each individual benefits. However, it is not impossible for an insured to reach the cap, and in any event the mere existence of a generous cap does not give this Court license (or create a responsibility) to simply create liability up to the level of the cap.

2. The certificate also provides that, if questions arise, the policy will govern.